**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| **THADDEUS PIRANI,** | |
| **Plaintiff,** | **Case No:** 2:22-cv-2569 |
| v. | **JURY DEMANDED** |
| **WALMART INC. d/b/a WAL-MART NEIGHBORHOOD MARKET and WAL-MART REAL ESTATE BUSINESS TRUST,** | |
| **Defendant.** | |

---

## NOTICE OF REMOVAL

Comes now the Defendant, Wal-Mart Stores East, L.P, incorrectly styled as Walmart Inc. d/b/a Wal-Mart Neighborhood Market and Wal-Mart Real Estate Business Trust, by and through the undersigned counsel, and hereby notifies the Judges of the United States District Court for the Western District of Tennessee, Western Division, the Clerk of the Circuit Court of Shelby County, Tennessee, and the Plaintiff that the action described herein and filed in the Circuit Court of Shelby County, Tennessee is removed to the United States District Court for the Western District of Tennessee, Western Division pursuant to 28 U.S.C. § 1441.

1.     On June 6, 2022, Plaintiff, filed a civil action against Defendant in the Circuit Court of Shelby County, Tennessee bearing civil action CT-2201-22. Service of the Complaint and Summons was made upon the Defendant through its registered agent CT Corporation System on August 17, 2022.

2.     Plaintiff filed this premises liability action based upon an incident that occurred in Shelby County, Tennessee on June 15, 2021.

3.     A copy of the Complaint, being all the papers served upon the Defendant, are attached as **Exhibit A** hereto.

4.     Defendant seeks removal of this action to this Court pursuant to 28 U.S.C. § 1332, upon the grounds that the controversy is wholly between citizens of different states and involves an amount in controversy which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of the interest and costs.  See 28 U.S.C. § 1332.  The Plaintiff's Complaint seeks compensatory damages in the amount of $250,000.00.

5.     Plaintiff is a resident and citizen of Shelby County, Tennessee and was a citizen of the State of Tennessee at the time of the filing of this action and at the time of removal.

6.     Defendant WAL-MART STORES EAST, L.P., is a Delaware limited partnership with its principle place of business in Bentonville, Arkansas. WSE Management, LLC, a Delaware limited liability company, is the sole general partner of Wal-Mart Stores East, LP.  WSE Investment, LLC, a Delaware limited liability company, is the sole limited partner of Wal-Mart Stores East, LP. The sole member of WSE Management, LLC, and WSE Investment, LLC, is Wal-Mart Stores East, LLC, an Arkansas limited liability company. Wal-Mart Stores East, LLC is a wholly owned subsidiary of Walmart Inc., a Delaware corporation with its principal place of business in Bentonville, Arkansas. The sole member of Wal-Mart Stores East, LLC, is Walmart Inc., a Delaware corporation with its principal place of business in Bentonville, Arkansas.

Accordingly, for purposes of diversity jurisdiction, Defendant, Wal-Mart Stores East, LP, is a citizen of Delaware and Arkansas.[1]

7.     As noted above in Paragraph 4, the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

8.     This notice is filed within the time prescribed by 28 U.S.C. § 1446(b).

WHEREFORE, Notice is hereby given that the said civil action is removed from the Circuit Court of Shelby County, Tennessee, to this Court.

Respectfully submitted,

RAINEY, KIZER, REVIERE & BELL, PLC

By___/s/ W. Christopher Frulla_____
   RUSSELL E. REVIERE, #07166
   W. CHRISTOPHER FRULLA, #31127
   Attorneys for Defendant
   50 North Front Street, Suite 610
   Memphis, TN 38103
   (901) 333-8101
   rreviere@raineykizer.com
   cfrulla@raineykizer.com

---

[1] For purposes of determining citizenship under 28 U.S.C. § 1332(c)(1), a limited partnership is deemed to be a citizen of every state where its general and limited partners reside.  See Hooper v. Wolfe, 396 F.3d 744, 748 (6th Cir. 2005) (citing Carden v. Arkoma Assocs., 494 U.S. 185, 195–96, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990)). For purposes of determining citizenship under 28 U.S.C. § 1332(c)(1), a limited liability company is deemed to be a citizen of every state where its members reside.  See Delay v. Rosenthal Collins Grp., LLC, 585 F.3d 1003, 1005 (6th Cir. 2009). Since "a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." Id. (citing Hicklin Eng'g L.C. v. Bartell, 439 F.3d 346, 347–48 (7th Cir. 2006)).

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of this pleading or document was served upon counsel for each of the parties by mailing postage prepaid, by delivery to the person or office of such counsel, or by electronic means, as follows:

Michael R. Flynn (BPR#27224)
HF Law Group
P.O. Box 38269
Germantown, TN 38183
***Attorney for Plaintiff***

Marc. I. Barretz (BPR#08268)
110 Thompson Avenue
West Memphis, AR 72301
***Attorney for Plaintiff***

This the 31st day of August, 2022.

     /s/ W. Christopher Frulla