## IN THE CIRCUIT COURT OF SHELBY COUNTY TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

THADDEUS PIRANI;

    Plaintiffs,

v.

WALMART INC. d/b/a WAL-MART
NEIGHBORHOOD MARKET and WAL-MART
REAL ESTATE BUSINESS TRUST

    Defendants.

FILED
JUN 02 2022
CIRCUIT COURT CLERK
BY _____ D.C.

CT- 2201-22
Div. V

JURY DEMANDED

## COMPLAINT

COME NOW the Plaintiff THADDEUS PIRANI by and through counsel the HF Law Group, and Marc Baretz, Esq and files this Complaint against the Defendants Walmart, Inc. and Wal-Mart Real Estate Business Trust and in support thereof states the following to wit:

### JURISDICTION

1) The Plaintiff Thaddeus Pirani (hereafter referred to as "Plaintiff" or "Mr. Pirani") is an adult resident of Bartlett, Shelby County, Tennessee.

2) Upon information and belief the Defendant Walmart, Inc. is a Delaware corporation doing business in the State of Tennessee and which owns and/or operates a store located at 6520 Memphis-Arlington Road, Bartlett, TN 38138 doing business as Wal-Mart Neighborhood Market. This defendant may be served through its registered agent for service of process, CT Corporation System, 300 Montvue Road, Knoxville, TN 37919.

3) Upon information and belief the Defendant Wal-Mart Real Estate Business Trust is an Arkansas entity doing business in the State of Tennessee and which owns and/or operates a store located at 6520 Memphis-Arlington Road, Bartlett, TN 38138 and doing business as Wal-Mart Neighborhood Market. This defendant may be served through its registered agent for service of process CT Corporation System, 300 Montvue Road, Knoxville, TN 37919.

4) This cause of action arises out of events which occurred in Bartlett, Shelby County, Tennessee. Jurisdiction and venue are proper with this Court.

## FACTS

5) On or about June 15, 2021, the Plaintiff was an invitee customer of the Defendants' store located at 6520 Memphis-Arlington Road, Bartlett, TN 38183 (hereafter referred to as "the store.")

6) At that time, the Plaintiff's vehicle was parked in the parking lot immediately adjacent to the store. Upon information and belief this parking lot is owned and maintained by the Defendants.

7) After the Plaintiff had completed his shopping, the Defendant was in the process of loading his purchases into his vehicle when he stepped upon a section of uneven pavement in the parking lot.

8) This uneven section was neither reasonably open nor obvious.

9) The defendants knew or should have known of the unreasonably dangerous and unsafe condition of the parking lot surface. It is foreseeable that a store patron could slip and injure himself in this matter. The defendants had prior opportunity to correct the

unreasonably dangerous condition or to give warnings about the unreasonably dangerous condition prior to plaintiff's fall and injury.

10) The defendants acts and/or omissions created an unreasonably dangerous condition which constitutes negligence in tort , and as a proximate result, the plaintiff suffered serious personal injuries hereinafter set out with more particularity.

11) The Defendants were the owners, occupiers, lessors and/or operators of the store and were under a duty to use ordinary case, which is the care an ordinarily careful person uses to avoid injury to themselves and others under the same or similar circumstances. The parking lot is a common area that the Defendants knew would be in frequent use by its customers. Defendants' duty to use ordinary care was clearly breached in this matter.

12) The plaintiff charges and alleged that one, some or all of the aforesaid acts and/or omissions by the defendants were the direct and proximate cause of the plaintiff's resulting injuries.

13) The plaintiff alleges that the defendants were negligent in the following particulars:
   a) Failure to maintain the walking area free of unreasonably dangerous conditions;
   b) Failure to warn plaintiff of the unreasonably dangerous condition of the parking lot surface;
   c) Failure to use the degree of care and caution that was required under the existing circumstances;
   d) Failure to adequately inspect, monitor, and correct the uneven pavements;
   e) Faiure to properly inspect, maintain and service the parking lot pavement/

14) At all times relevant hereto, the Plaintiff was exercising care and caution for his own safety and as a direct result of the defendant's negligence, the Plaintiff suffered severe and permanent personal injuries and damages.

## INJURIES AND DAMAGES

15) The plaintiff, Thaddeus Pirani, charges and alleges that as a direct and proximate result of one, some or all of the aforesaid acts and/or omissions of negligence on the part of the defendants, that he suffered great damages, including but not limited to:

   a) Severe and permanent personal injuries and damages;

   b) Enormous pain and suffering;

   c) Hedonic damages, including loss of enjoyment of life;

   d) Severe fright and shock;

   e) Large medical expenses, both past and future

   f) Loss of earnings, both past and future;

   g) Great mental anguish;

   h) Out of pocket expenses;

   i) Loss of earning capacity.

WHEREFORE the Plaintiff sues the Defendants and seeks compensatory damages in the amount of **Two-hundred fifty thousand dollars ($250,000.00)**. Plaintiff further prays for prejudgment interest and post-judgment interest; for court and discretionary costs; for the right to amend his complaint to conform to the evidence as it develops; for the right to a jury trial; and for all other further equitable relief that the Court find the plaintiff to be entitled to.

Plaintiff requests that a jury be empanelled to try this cause.

Respectfully submitted,

Michael R. Flynn (#27224)
HF Law Group
P.O. Box 38269
Germantown, TN 38183

Marc I. Barretz (#08268)
110 Thompson Avenue
West Memphis, AR 72301

IN THE CIRCUIT COURT OF SHELBY COUNTY TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

THADDEUS PIRANI;

    Plaintiffs,

v.

WALMART INC. d/b/a WAL-MART
NEIGHBORHOOD MARKET and WAL-MART
REAL ESTATE BUSINESS TRUST

    Defendants.

FILED JUN 02 2022 CIRCUIT COURT CLERK BY _____ D.C.

CT- 2201-22
Div. V

JURY DEMANDED

## COMPLAINT

COME NOW the Plaintiff THADDEUS PIRANI by and through counsel the HF Law Group, and Marc Baretz, Esq and files this Complaint against the Defendants Walmart, Inc. and Wal-Mart Real Estate Business Trust and in support thereof states the following to wit:

### JURISDICTION

1) The Plaintiff Thaddeus Pirani (hereafter referred to as "Plaintiff" or "Mr. Pirani") is an adult resident of Bartlett, Shelby County, Tennessee.

2) Upon information and belief the Defendant Walmart, Inc. is a Delaware corporation doing business in the State of Tennessee and which owns and/or operates a store located at 6520 Memphis-Arlington Road, Bartlett, TN 38138 doing business as Wal-Mart Neighborhood Market. This defendant may be served through its registered agent for service of process, CT Corporation System, 300 Montvue Road, Knoxville, TN 37919.

3) Upon information and belief the Defendant Wal-Mart Real Estate Business Trust is an Arkansas entity doing business in the State of Tennessee and which owns and/or operates a store located at 6520 Memphis-Arlington Road, Bartlett, TN 38138 and doing business as Wal-Mart Neighborhood Market. This defendant may be served through its registered agent for service of process CT Corporation System, 300 Montvue Road, Knoxville, TN 37919.

4) This cause of action arises out of events which occurred in Bartlett, Shelby County, Tennessee. Jurisdiction and venue are proper with this Court.

## FACTS

5) On or about June 15, 2021, the Plaintiff was an invitee customer of the Defendants' store located at 6520 Memphis-Arlington Road, Bartlett, TN 38183 (hereafter referred to as "the store.")

6) At that time, the Plaintiff's vehicle was parked in the parking lot immediately adjacent to the store. Upon information and belief this parking lot is owned and maintained by the Defendants.

7) After the Plaintiff had completed his shopping, the Defendant was in the process of loading his purchases into his vehicle when he stepped upon a section of uneven pavement in the parking lot.

8) This uneven section was neither reasonably open nor obvious.

9) The defendants knew or should have known of the unreasonably dangerous and unsafe condition of the parking lot surface. It is foreseeable that a store patron could slip and injure himself in this matter. The defendants had prior opportunity to correct the

unreasonably dangerous condition or to give warnings about the unreasonably dangerous condition prior to plaintiff's fall and injury.

10) The defendants acts and/or omissions created an unreasonably dangerous condition which constitutes negligence in tort, and as a proximate result, the plaintiff suffered serious personal injuries hereinafter set out with more particularity.

11) The Defendants were the owners, occupiers, lessors and/or operators of the store and were under a duty to use ordinary case, which is the care an ordinarily careful person uses to avoid injury to themselves and others under the same or similar circumstances. The parking lot is a common area that the Defendants knew would be in frequent use by its customers. Defendants' duty to use ordinary care was clearly breached in this matter.

12) The plaintiff charges and alleged that one, some or all of the aforesaid acts and/or omissions by the defendants were the direct and proximate cause of the plaintiff's resulting injuries.

13) The plaintiff alleges that the defendants were negligent in the following particulars:
    a) Failure to maintain the walking area free of unreasonably dangerous conditions;
    b) Failure to warn plaintiff of the unreasonably dangerous condition of the parking lot surface;
    c) Failure to use the degree of care and caution that was required under the existing circumstances;
    d) Failure to adequately inspect, monitor, and correct the uneven pavements;
    e) Faiure to properly inspect, maintain and service the parking lot pavement/

14) At all times relevant hereto, the Plaintiff was exercising care and caution for his own safety and as a direct result of the defendant's negligence, the Plaintiff suffered severe and permanent personal injuries and damages.

## INJURIES AND DAMAGES

15) The plaintiff, Thaddeus Pirani, charges and alleges that as a direct and proximate result of one, some or all of the aforesaid acts and/or omissions of negligence on the part of the defendants, that he suffered great damages, including but not limited to:

   a) Severe and permanent personal injuries and damages;

   b) Enormous pain and suffering;

   c) Hedonic damages, including loss of enjoyment of life;

   d) Severe fright and shock;

   e) Large medical expenses, both past and future

   f) Loss of earnings, both past and future;

   g) Great mental anguish;

   h) Out of pocket expenses;

   i) Loss of earning capacity.

WHEREFORE the Plaintiff sues the Defendants and seeks compensatory damages in the amount of **Two-hundred fifty thousand dollars ($250,000.00)**. Plaintiff further prays for prejudgment interest and post-judgment interest; for court and discretionary costs; for the right to amend his complaint to conform to the evidence as it develops; for the right to a jury trial; and for all other further equitable relief that the Court find the plaintiff to be entitled to.

Plaintiff requests that a jury be empanelled to try this cause.

Respectfully submitted,

Michael R. Flynn (#27224)
HF Law Group
P.O. Box 38269
Germantown, TN 38183

Marc I. Barretz (#08268)
110 Thompson Avenue
West Memphis, AR 72301